# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| YONG BING GONG, | : | PRISONER HABEAS CORPUS |
| BOP Reg. # 14002-086, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-2970-WSD-AJB |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Petitioner, Yong Bing Gong, formerly confined in the United States Penitentiary in Atlanta, Georgia ("U.S.P. Atlanta"), filed a *pro se* "motion pursuant to 18 U.S.C. § 3584(c) and in accordance with 18 U.S.C. § 3585(b)(1)(2)" in the United States District Court for the Eastern District of New York. [Doc. 1.] That Court granted Petitioner leave to proceed *in forma pauperis*, [Doc. 5], construed his motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. 11], and transferred the petition to this Court, [*id.*].

Nearly one year after the petition was transferred, Petitioner notified this Court that he had been transferred to his current facility, the Federal Correctional Institution in Edgefield, South Carolina ("F.C.I. Edgefield"). [Doc. 20 at 1.] The District Court subsequently issued an Order for the Government to show cause why the petition

should not be granted. [Doc. 22 at 5.] The District Court also referred the matter to the undersigned. [*Id.* at 6.] Now before the Court are the petition, [Doc. 1], Petitioner's other filings related to the petition, [Docs. 14, 21], the Government's response, [Doc. 23], and Petitioner's reply, [Doc. 25].

## I. Background

Petitioner appears to seek recalculation of his total effective sentence and review of his denial of parole. [*See* Doc. 1 at 1-5; Doc. 14 at 1-3; Doc. 21 at 1-17.] In response, the Government relies on the declaration of Kevin Sherrod, a management analyst with the Federal Bureau of Prisons ("BOP"). [Doc. 23-1.] According to Sherrod, Petitioner was arrested in Tokyo, Japan, in 1984, subsequently convicted of kidnaping charges in the United States District Court for the Northern District of New York, and sentenced to life imprisonment. [*Id.* at 2-3.] Although Petitioner was eligible for parole consideration after serving ten years, he waived that consideration in 1994. [*Id.* at 3-4, 7-9; Doc. 25 at 5.][1]

---

[1] Although Petitioner questions the authenticity of his waiver, the manner in which he initialed the waiver appears to be similar to the manner in which he wrote his name on other documents in this case. [*See* Doc. 1 at 5; Doc. 16 at 8; Doc. 19 at 7; Doc. 25 at 2, 5.] Even if Petitioner did not initial the waiver, BOP regulations provide that failure to apply for or waive parole consideration is deemed a waiver of that consideration. *See* 28 C.F.R. § 2.11(c). [Doc. 23-1 at 4, 19.] Petitioner does not allege that he applied for parole consideration in 1994.

2

In 1996, while serving his life sentence, Petitioner was convicted of conspiracy to distribute and possession with intent to distribute heroin in the United States District Court for the Eastern District of New York and sentenced to a consecutive term of 324 months imprisonment. [Doc. 23-1 at 3, 21.] On April 23, 2014, the United States Parole Commission denied Petitioner's parole on his kidnaping convictions on the ground that he was likely to engage in criminal conduct, as shown by his 1996 drug convictions and "thirty (30) disciplinary infractions for drug related conduct during [his] confinement." [*Id.* at 4, 21.] The National Appeals Board affirmed the denial of Petitioner's parole on August 1, 2014. [Doc. 25 at 6.]

Sherrod explains that BOP policy forbids the aggregation of a sentence imposed for offenses that occurred before November 1, 1987, with a sentence imposed for offenses that occurred after that date. [Doc. 23-1 at 3, 12-13.] Accordingly, Petitioner's life sentence for kidnaping has not been aggregated with his consecutive 324-month sentence for drug offenses. [*Id.* at 3.] Sherrod states that if the Parole Commission grants parole on Petitioner's life sentence, the BOP will then calculate his release date based upon his consecutive 324-month sentence. [*Id.*]

AO 72A
(Rev.8/8
2)

**II.   Discussion**

As an initial matter, the undersigned considers Petitioner's notification of transfer from U.S.P. Atlanta to F.C.I. Edgefield nearly one year after his petition was transferred to this Court. [Doc. 20 at 1.] The United States Supreme Court has explained the "important but limited proposition that when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *see also* Final Report & Recommendation, *Brown v. Keller*, No. 1:12-cv-1274-WSD, at 4-6 (N.D. Ga. July 2, 2012) (Baverman, M.J.) (discussing *Padilla*).

In the present case, the Government notes that Petitioner incorrectly named the United States as Respondent rather than the warden of U.S.P. Atlanta. [Doc. 23 at 6.] Despite Petitioner's error, this Court had jurisdiction over the petition because Petitioner was confined in U.S.P. Atlanta at the time of filing. Pursuant to *Padilla*, this Court may retain jurisdiction over the petition even though the Government subsequently transferred Petitioner to F.C.I. Edgefield. However, there does not appear to be any respondent within this Court's jurisdiction who has legal authority to

4

effectuate Petitioner's release. The presence of such a respondent is ultimately unnecessary because Petitioner is not entitled to any relief for the reasons given below.

First, as the Government argues, Petitioner's total effective sentence need not be recalculated. [Doc. 23 at 9-11.] As Sherrod explains in his declaration, BOP policy does not allow Petitioner's life sentence for kidnaping that occurred before November 1, 1987, to be aggregated with his consecutive 324-month sentence for drug offenses that occurred after that date. [Doc. 23-1 at 3, 12-13.] BOP policy is consistent with 18 U.S.C. § 3584(c), which concerns the aggregation of multiple terms of imprisonment and applies only to offenses committed beginning on November 1, 1987. If the Parole Commission ever grants parole on Petitioner's life sentence, the BOP will then calculate his release date based upon his consecutive 324-month sentence. [*Id.* at 3.] Petitioner fails to make any legitimate argument as to why he presently needs a specific release date when he is serving a life sentence, has been denied parole on that sentence, and has a consecutive 324-month sentence yet to serve.

Second, Petitioner is not entitled to parole based upon the information provided in this case. To the extent that Petitioner challenges his waiver of parole consideration in 1994, he fails to show that his petition is timely pursuant to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). *See Hankerson v. Warden*, 598 Fed. Appx. 685,

5

688 (11th Cir. Feb. 2, 2015) (per curiam). As to Petitioner's denial of parole in 2014, the Parole Commission based its decision upon the likelihood that Petitioner would again engage in criminal conduct, as shown by his drug convictions in 1996 and "thirty (30) disciplinary infractions for drug related conduct during [his] confinement." [Doc. 23-1 at 21.] The National Appeals Board affirmed that decision as reasonable. [Doc. 25 at 6.] The decisions of the Parole Commission and Appeals Board are consistent with the federal statute regarding the criteria for parole. *See* 18 U.S.C. § 4206(d) ("[T]he Commission shall not release [a] prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime."). Petitioner fails to make any legitimate argument as to why his parole was improperly denied.

## III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2241 petition for a writ of habeas corpus, [Doc. 1], be **DENIED**. Because a federal prisoner does not require a certificate of appealability (COA) to appeal the denial of a § 2241 petition, *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003), the undersigned offers no COA

AO 72A (Rev.8/82)

recommendation in this matter.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  3d   day of June, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)