# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

YONG BING GONG,

         Petitioner,

v.

UNITED STATES OF AMERICA,

         Respondent.

1:14-cv-2970-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [26] ("R&R"). The R&R recommends the Court deny Petitioner Yong Bing Gong's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [11] ("Section 2241 Petition"). Also before the Court are Petitioner's Objections to the R&R [29].

**I.     BACKGROUND**

   A.     Facts[1]

Petitioner was formerly confined in the United States Penitentiary in Atlanta, Georgia ("U.S.P. Atlanta"), and is currently incarcerated in the Federal Correctional Institution in Edgefield, South Carolina ("F.C.I. Edgefield").

In his Section 2241 Petition, Petitioner appears to seek recalculation of his total effective sentence and review of his denial of parole. ([1] at 1-5; [14] at 1-3; [21] at 1-17). The Government relies on the declaration of Kevin Sherrod, a management analyst with the Federal Bureau of Prisons ("BOP"). ([23.1]). According to Sherrod, Petitioner was arrested in Tokyo, Japan, in 1984, subsequently convicted of kidnapping charges in the United States District Court for the Northern District of New York, and sentenced to life imprisonment. (Id. at 2-3). Although Petitioner was eligible for parole consideration after serving ten years, he waived that consideration in 1994. (Id. at 3-4, 7-9; [25] at 5).[2]

---

[1]     The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

[2]     Although Petitioner questions the authenticity of his waiver, the manner in which he initialed the waiver appears to be similar to the manner in which he wrote his name on other documents in this case. (See [1] at 5; [16] at 8; [19] at 7; [25] at 2, 5). Even if Petitioner did not initial the waiver, BOP regulations provide that

In 1996, while serving a life sentence for kidnapping and conspiracy to kidnap, Petitioner was convicted of conspiracy to distribute and possession with intent to distribute heroin in the United States District Court for the Eastern District of New York and sentenced to a consecutive term of 324 months imprisonment. ([23.1] at 3, 21).  On April 23, 2014, the United States Parole Commission denied Petitioner's parole on his kidnapping convictions on the ground that he was likely to engage in criminal conduct, as shown by his 1996 drug convictions and "thirty (30) disciplinary infractions for drug related conduct during [his] confinement." (Id. at 4, 21).  The National Appeals Board affirmed the denial of Petitioner's parole on August 1, 2014.  ([25] at 6).

Sherrod explains that BOP policy forbids the aggregation of a sentence imposed for offenses that occurred before November 1, 1987, with a sentence imposed for offenses that occurred after that date.  ([23.1] at 3, 12-13).  Accordingly, Petitioner's life sentence for kidnapping has not been aggregated with his consecutive 324-month sentence for drug offenses.  (Id. at 3).  Sherrod states that if the Parole Commission grants parole on Petitioner's life sentence, the

---

failure to apply for or waive parole consideration is deemed a waiver of that consideration.  See 28 C.F.R. § 2.11(c); ([23.1] at 4, 19).  Petitioner does not allege that he applied for parole consideration in 1994.

3

BOP will then calculate his release date based upon his consecutive 324-month sentence.  (Id.).

On June 3, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that Petitioner's total effective sentence need not be recalculated, because Petitioner fails to make any legitimate argument as to why he presently needs a specific release date when he is serving a life sentence, has been denied parole on that sentence, and has a consecutive 324-month sentence yet to serve.  The Magistrate Judge further found that Petitioner is not entitled to parole, because (1) he fails to show that his petition is timely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), and (2) Petitioner fails to make any legitimate argument as to why his 2014 parole application was improperly denied.

On June 22, 2016, Petitioner filed his Objections.  Petitioner appears to argue that he was misled by the BOP as to when he was up for parole.  Petitioner again argues that the signature on his 1994 waiver of parole consideration was forged in an "elaborate cover-up by the BOP to [hide] its failure to inform the Petitioner of his rights."  (Obj. at 2).  He also states that his "English reading and literacy is limited."

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

Petitioner repeats his argument that the signature on his 1994 waiver of parole consideration was forged in an "elaborate cover-up by the BOP to its failure to inform the Petitioner of his rights." (Obj. at 2). As the Magistrate Judge noted, whether Petitioner initialed the waiver is irrelevant,[3] because BOP regulations provide that failure to apply for or waive parole consideration is deemed a waiver

---

[3] After an independent review of the initials on the 1994 parole waiver and Petitioner's handwriting on other documents in this case, the Court agrees with the Magistrate Judge's conclusion that the handwriting is similar.

of that consideration. See 28 C.F.R. § 2.11(c). Petitioner does not allege that he applied for parole consideration in 1994, and it is beyond dispute that Petitioner thus waived his parole consideration.[4]

The Magistrate Judge found that Petitioner's total effective sentence need not be recalculated, because Petitioner fails to make any legitimate argument as to why he presently needs a specific release date when he is serving a life sentence, has been denied parole on that sentence, and has a consecutive 324-month sentence yet to serve. The Magistrate Judge further found that Petitioner is not entitled to parole, because (1) he fails to show that his petition is timely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), and (2) Petitioner fails to make any legitimate argument as to why his 2014 application for parole was improperly denied. Accordingly, the Magistrate Judge recommends the Court deny Petitioner's Section 2241 Petition. The Court finds no plain error in these findings and recommendation, and Petitioner's Section 2241 Petition is denied. See Slay, 714 F.2d at 1095.

---

[4] Petitioner also argues that his "English reading and literacy is limited," but his well-written Objections and other filings belie this assertion.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [26] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R [29] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Section 2241 Petition [1] is **DENIED**.

**SO ORDERED** this 6th day of February, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE